# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| TONY THAI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:15-CV-01165 |
| | § | |
| | § | |
| WILD EYE DESIGNS INC., | § | |
| | § | |
| Defendant. | § | |

## AFFIDAVIT OF DEFENDANT'S FAILURE
## TO PLEAD OR OTHERWISE ANSWER

The undersigned, being fully sworn, upon oath deposes and says:

1.  That I am an attorney for Plaintiff Tony Thai (hereinafter "Plaintiff") in the above-captioned case and have personal knowledge of the facts set forth in this affidavit;

2.  That on June 24, 2015, on behalf of Plaintiff, the undersigned counsel filed Plaintiff's Original Complaint in the United States District Court for the Eastern District of Texas, Marshall Division, against Defendant Wild Eye Designs, Inc., (hereinafter "Defendant") for patent infringement – *See* Exhibit "1";

3.  That on July 6, 2015, service of process was effectuated on Defendant evidenced by the signature provided on the certified mail receipt – *See* Exhibit "2";

4.  That on August 17, 2015, once again, service of process was effectuated on Defendant evidenced by the signature provided on the certified mail receipt – *See* Exhibit "3";



5.    That more than twenty-one (21) days has elapsed since Defendant was served with process;

6.    That to date, Defendant has not filed an answer or otherwise defended the lawsuit;

7.    That Defendant is not a minor, an incompetent person or in the military;

8.    That Plaintiff is entitled to an entry of default against Defendant; and

9.    That this affidavit is executed by the affiant herein in accordance with Rule 55 of the Federal Rules of Civil Procedure for the purpose of enabling Plaintiff to obtain an entry of default against Defendant for failure to plead or otherwise answer Plaintiff's Original Complaint.

Further than this, affiant sayeth naught.

_____
Aaron Peacock

SUBSCRIBED AND SWORN before me, this the 14th day of September, 2015, to certify which witness my hand and seal of office.



Teresa Espinoza
Notary Public,
State of Texas
Expires: 10-15-2018

_____
Notary Public in and for the State of Texas

My Commission expires:  10-15-18

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TONY THAI, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| | § | |
| WILD EYE DESIGNS INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

NOW COMES, TONY THAI, Plaintiff, complaining of WILD EYE DESIGNS, INC.,
Defendant, in this his Plaintiff's Original Complaint and for cause of action would respectfully
show unto the Court as follows, to-wit:

### I. PARTIES

1.      Plaintiff Tony Thai (hereinafter "Plaintiff") is a natural person and resident of the
State of California.

2.      Defendant Wild Eye Designs Inc. (hereinafter "Defendant") is a corporation duly
organized and existing under the laws of the State of Florida, having its principal place of
business at 5380 N. Ocean Drive, Suite 3J, Eastpoint II, Singer Island, Florida 33404. Defendant
may be served by delivering a copy of the Summons and Complaint herein to an officer, a
managing or general agent, or to any other agent authorized by appointment or by law to receive
service of process.   Alternatively, Defendant may be served with process by servicing its
registered agent, Warren Horwitz at 5380 N. Ocean Drive, Singer Island, Florida 33404.



## II. JURISDICTION

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

4.      This Court has personal jurisdiction over Defendant because Defendant has committed acts within Texas and this judicial district, giving rise to this action, and Defendant has established minimum contacts with the forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

5.      Furthermore, this Court has specific and general personal jurisdiction over Defendant because, in addition to the facts set forth below, Defendant has committed and is committing a tort in whole or in part in Texas.  That action constitutes doing business within the State of Texas pursuant to Tex. Civ. Prac. & Rem. Code § 17.042.

6.      Specifically, Defendant maintains an online presence via a website on the World Wide Web.  Defendant's website is interactive, and as such, Texas residents can browse and purchase Defendant's products from within the State of Texas.  Furthermore, as a wholesaler, Defendant sells to retailers within the State of Texas.  As such, Defendant purposely causes its products to enter the stream of commerce, having Texas as the destination for the products via its Texas retailers.

7.      Defendant is regularly and intentionally doing business in Texas by marketing and selling its products via the World Wide Web and via its Texas retailers to Texas residents. Plaintiff's claim for patent infringement arises from Defendant's infringing activities in the State of Texas and throughout the United States such that Defendant's infringing activities have caused and are causing substantial harm to Plaintiff.

### III. VENUE

8.      Defendant has committed acts within this judicial district giving rise to this action and does business in this district, including offering for sale, selling and providing products to its retailers and customers in this district. Acts of infringement and other tortious conduct have occurred in this district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

### IV. AGENCY & RESPONDEAT SUPERIOR

9.      Whenever in this complaint it is alleged that Defendant did, or failed to do, any act, thing and/or omission, it is meant that Defendant itself or its agents, officers, servants, employees, vice principals, or representatives either did or failed to do such an act, thing and/or omission, and it was done with the full authorization or ratification of Defendant and/or done in the normal routine, course and scope of the agency or employment of the Defendant or its agents, officers, servants, employees, vice principals, or representatives and/or with actual and/or apparent authority of the Defendant.

### V. FACTUAL BACKGROUND

10.      Plaintiff is a prolific inventor, having invented numerous inventions, many of which have been patented by the United States Patent & Trademark Office (hereinafter "USPTO").

11.      In addition to being an accomplished inventor, Plaintiff owns and manages successful businesses, many of which manufacture, market and/or sell products nationwide which were invented by him. Thus, Plaintiff permits various companies, including his own, to exploit his inventions in the marketplace though license agreements.

12.     In regard to one particular invention, which is the subject of this lawsuit, Plaintiff conceived of a novel, nonobvious and ornamental design for carrying wine and wine accessories, entitled "Wine Tote."

13.     On April 4, 2013, Plaintiff filed a design patent application in the USPTO for the "Wine Tote" invention, seeking the issuance a design patent.

14.     On or about July of 2014, while awaiting issuance of the design patent, Plaintiff became aware that Defendant was manufacturing, marketing, selling and/or importing a product entitled "Freezer Hand Bag," which embodies the invention of the "Wine Tote."

15.     On July 16, 2014 and again on August 6, 2014, Plaintiff, through his legal counsel, notified Defendant of Defendant's unlawful and infringing activities via a cease-and-desist letter (hereinafter "letters") wherein Plaintiff demanded that Defendant cease and desist making, using, offering to sell, selling and/or importing the "Freezer Hand Bag," including any other product that embodies the invention of the "Wine Tote," and demanded that Defendant provide assurances to Plaintiff that it has complied with such demands.  Moreover, Plaintiff provided a copy of the design patent application for the "Wine Tote" to Defendant, the copy being attached as an exhibit to each of the letters. *See* Exhibits "1A" and "1B" attached hereto for all purposes, which is a copy of each of the letters and associated documents.

16.     Each time that Plaintiff notified Defendant of the patent application, demanded that Defendant cease its unlawful activity in selling the "Freezer Hand Bag" and demanded that Defendant provide assurances to Plaintiff that it had, indeed, ceased such activity, Defendant did not respond to Plaintiff.

17.     Even after repeated notification by Plaintiff via the letters, Defendant continued manufacturing, making, offering to sell, selling and/or importing the "Freezer Hand Bag" and has continued to do so to the present day.

18.     On March 24, 2015, the USPTO duly and lawfully issued United States Design Patent No. D724,836 ( hereinafter "'836 patent") entitled "Wine Tote," naming Plaintiff as the sole inventor. *See* Exhibit "2" attached hereto for all purposes, which is a copy of the '836 patent.

19.     Not only is Plaintiff the sole inventor but Plaintiff is also the sole owner of the '836 patent.

20.     The '836 patent issued without an amendment to the claim.  Thus, the claim in the '836 patent is identical to the claim of the patent application as it appeared initially when it was filed in the USPTO.  As such, the notice of the claim to Defendant provided via the letters is the same claim that issued in the '836 patent.

21.     After the issuance of the '836 patent, Defendant has continued manufacturing, making, offering to sell, selling and/or importing the "Freezer Hand Bag," which has a design that is substantially similar to the design claimed in the '836 patent, thereby infringing the rights of Plaintiff in the '836 patent.

22.     By way of example only, the "Freezer Hand Bag" comprises, without limitation, a bag having the same shape and design as the design shown in the '836 patent, a zipper and zipper pocket on its side as the design shown in the '836 patent, a hollow interior as the design shown in the '836 patent, material that comprises the interior wall as the design shown in the '836 patent, a top zipper as the design shown in the '836 patent, curved handles and attachments thereto as the design shown in the '836 patent and a exterior surface as the design shown in the '836 patent.

The "Freezer Hand Bag" is almost identical in appearance, shape and design to the appearance, shape and design of the claim shown in the '836 patent. However, while a word depiction of the similarities can be relevant, infringement is determined by visual comparison of the pictured design and the accused article. *See Gorham Co. v. White*, 81 U.S. 511 (1871).

23.     In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the design of the "Freezer Hand Bag" is substantially the same as the design shown in the '836 patent because the resemblance is such as to deceive an observer, inducing him/her to purchase the "Freezer Hand Bag" supposing it to be article of manufacture that embodies the design of the '836 patent, namely, the "Wine Tote."

24.     Upon information and belief, Defendant is a company that manufactures, markets and/or sells products that pertain to the wine, bar, tabletop and kitchen industries.

25.     Upon information and belief, Defendant conducts business throughout the United States, including Texas, and Canada on the World Wide Web through its interactive website, www.wildeyedesigns.com, and through various retailers located throughout the United States, including Texas, and via the World Wide Web.

26.     Upon information and belief, one such retailer of Defendant, Retail Services & Systems, Inc., d/b/a Total Wine and More, has brick and mortar stores located in this district, specifically at the following addresses: 8700 Preston Rd, Ste. 113, Plano, Texas 75024; 2325 S. Stemmons Freeway., Lewisville, Texas 75067; and 721 N. Central Expressway, Ste. 200, Plano, Texas 75075.  Also, it has a brick and mortar location at 9350 N. Central Expressway, Dallas, Texas 75231.

27.     Upon information and belief, Defendant's products reach Texas and this judicial district through its website and through its retailers, specifically, Total Wine and More.

28.     Moreover, upon information and belief, Defendant has displayed its products at various trade shows in the north Texas area.

29.     On or about April 22, 2015, Plaintiff purchased the "Freezer Hand Bag" products from Total Wine and More located at 9350 N. Central Expressway, Dallas, Texas 75231, which had the products in stock. The "Freezer Hand Bag" products are manufactured, marketed and sold by Defendant and Defendant's retailer, Total Wine and More. *See* Exhibit "3" attached hereto for all purposes, which comprises photographs of the "Freezer Hand Bag" that was purchased.

30.     The "Freezer Hand Bag" products purchased by Plaintiff were not manufactured or sold by Plaintiff, nor were they licensed by Defendant.   Defendants have continued deliberately and intentionally to sell such products without any license or authority from Plaintiff.

31.     Such behavior by Defendant is outrageous because Defendants had full knowledge – actual and constructive – of the '836 patent and of Plaintiff's rights therein but deliberately and intentionally chose to disregard Plaintiff's rights and the '836 patent by manufacturing and/or selling products embodying the '836 patent, such as the "Freezer Hand Bag," without approval or authority from Plaintiff.

32.     Therefore, Defendant's unlawful actions as described herein were done and are being done knowingly, willfully and intentionally.

## VI. CAUSE OF ACTION

### *INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D724,836*

33.     Plaintiff incorporates by reference the allegations above, as if the same were fully set forth herein.

34.     Defendant has made, used, offered to sell, sold, and/or imported into the United States, and is currently making, using, offering to sell, selling, and/or importing into the United States, products having designs, namely, products entitled "Freezer Hand Bag," that infringe Plaintiff's rights in the '836 patent without Plaintiff's approval or authorization.  Such products are substantially similar in design as the design claimed in the '836 patent so as to deceive an ordinary observer.  As a result, pursuant to 35 U.S.C. § 271, Defendant has infringed and is infringing on Plaintiff's rights in the '836 patent.

35.     Plaintiff has suffered and is suffering damages as a direct result of Defendant's infringement.  Pursuant to 35 U.S.C. §§ 284 and 289, Plaintiff is entitled to all revenue and profits from Defendant derived from the infringement, including total profits, and an accounting of same.  Plaintiff is entitled to damages adequate to compensate for the infringement.

36.     Defendant's infringement has been intentional and willful.  Therefore, Plaintiff requests that the Court hold that this is an exceptional case, entitling Plaintiff to enhance damages pursuant to 35 U.S.C. § 284 and an award of reasonable attorney fees pursuant to 35 U.S.C. § 285.

## VII. DAMAGES

37.     As a result of the Defendant's patent infringement, Plaintiff has incurred or will incur the following damages:

A.     The loss of profits and/or a reasonable royalty.

B.     Reasonable and necessary attorney's fees and costs in the proceedings before this court, and those fees required for any appeal to the Court of Appeals and, thereafter, to the Supreme Court.

## VIII.  DEMAND FOR JURY

38.      Plaintiff requests a jury trial of all issues in this action so triable.

## IX.  REQUEST FOR PRELIMINARY INJUNCTION

39.      Plaintiff will suffer immediate and irreparable injury, loss, or damage if Defendant's conduct described above is not enjoined.

40.      Plaintiff does not otherwise have an adequate remedy at law as just described. Plaintiff has exercised due diligence in prosecuting this claim.  The injury to Plaintiff, if Defendant continues the conduct described above, would outweigh any injury the injunction might cause Defendant, and issuance of the injunction would not disserve the public interest.

## X.  REQUEST FOR PERMANENT INJUNCTION

41.      Plaintiff asks the Court to set its application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendant.

## XI.  PRAYER

**WHEREFORE**, Plaintiff requests that this Court enter a judgment:

a)      that Defendant has infringed Plaintiff's rights in the '836 patent;

b)      ordering a preliminary and, ultimately, a permanent injunction as requested above, restraining Defendant and its directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert with it, from selling products or taking any other actions that would directly or indirectly infringe Plaintiff's rights in the '836 patent;

c)      awarding damages against Defendant;

d)      awarding enhanced damages pursuant to 35 U.S.C. § 284;

e)      awarding attorneys' fees pursuant to 35 U.S.C. § 285;

f)      awarding prejudgment interest and post-judgment interest in the maximum
        amount allowed by law;

g)      directing Defendant to file with this Court, within thirty (30) days after the
        entry of any injunction in this cause, a written statement under oath setting
        forth in detail the manner in which it has complied with that injunction;

h)      that Plaintiff recover its cost of this action; and

i)      that Plaintiff recover such other and further relief in equity and at law to
        which he may be justly entitled.

Respectfully Submitted,

/s/   *Aaron P. Peacock*
Aaron P. Peacock
State Bar No. 24060399
J.B. Peacock, Jr.
State Bar No. 15678500
David M. Vereeke
State Bar No. 20547500
**GAGNON, PEACOCK & VEREEKE PLLC**
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone: (214) 824-1414
Facsimile: (214) 824-5490
Email: attorneys@gapslaw.com

ATTORNEYS FOR PLAINTIFF

# GAGNON, PEACOCK
## & VEREEKE P.C.

*Attorneys and Counselors at Law*

D.G. Gagnon
J.B. Peacock, Jr.
David M. Vereeke*
Aaron P. Peacock⁺
Michael P. Moore
Laura L. Pickens

\* Board Certified-Personal Injury Trial Law
  Board Certified-Civil Trial Law
  Texas Board of Legal Specialization

⁺ Admitted in the US Patent & Trademark Office

Highland Park Tower, Second Floor
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone: (214) 824-1414
Telecopier: (214) 824-5490
www.GapsLegal.com

Aaron P. Peacock
Aaron@GapsLaw.com

July 16, 2014

VIA CMRRR # 7003 3110 0005 7228 2005

Wild Eye Designs Inc.
1500 Military Road, Suite 100
Kenmore, NY 14217

**EXHIBIT**

**/A**

Re:    Infringement of Intellectual Property; Attorney Docket No. 14-050

To Whom It May Concern:

I represents Primeware, Inc., (hereinafter "Primeware") and Mr. Thai in intellectual property matters. Pimeware designs, manufactures and markets unique, functional, innovative and high quality products for use at picnics and other similar events.

On April 4, 2013, inventor Mr. Thai, an owner and manager of Primeware, filed a design patent application entitled WINE TOTE in the United States Patent & Trademark Office (USPTO), which was provided Application Serial No. 29/451,610. *See* Exhibit A attached hereto which is a copy of the design patent application. It is expected to issue as a patent grant very shortly.

Furthermore, Primeware possesses legal rights in the unique trade dress of the Wine Tote (hereinafter "the product"). The look and feel as well as the shape and configuration of the product have become associated in the minds of consumers with Primeware. Not only are many elements of the product's trade dress inherently distinctive, many elements of the product's trade dress have acquired distinctiveness through Primeware's substantial and continuous use and display of the product in U.S. commerce. As such, consumers associate Primeware with the source of the product.

My attention has been directed to Wild Eye Designs, Inc., (hereinafter "your company") and its manufacturing, marketing and/or selling of a device entitled "Freezer Hand Bag" (hereinafter "Hand Bag"). *See* Exhibit B attached hereto which is a depiction of the Hand Bag

sold by your company.  The Hand Bag embodies a design of the invention claimed in the '610 patent application, thereby infringing on the rights of my clients in the fort-coming patent grant.  Furthermore, the marketing and selling of the Hand Bag infringes on the trade dress rights of my clients.

I hereby provide you and your company formal notice that manufacturing, marketing and/or selling of the Hand Bag product or any other product that is substantially similar is an infringement of my clients' intellectual property rights.  First, it is an infringement of my clients' rights in the forth-coming patent under 35 U.S.C. § 271.  35 U.S.C. §§ 284 and 289 permit my clients to recover their lost profits and/or reasonable royalties.  Furthermore, if such infringement is shown to be willful, 35 U.S.C. §§ 284 and 285 permit my clients to obtain enhanced damages (i.e., treble damages) and attorneys' fees.  Second, it is an infringement of my client's trade dress rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Section 35(a) of the Lanham Act, 15 U.S.C. § 1117, permits my client to recover the damages sustained by my clients from your company's infringement as well as your company's profits derived from the sale of the infringing item.   Additionally, the Lanham Act provides for enhanced damages (i.e., treble damages) and the recovery of attorneys' fees.

Notwithstanding the foregoing, my clients wish to avoid the trouble and expense of litigation, if it is possible to do so.

Accordingly, I demand that you:

1.     provide to me in writing your prompt, firm and unequivocal assurance that your company has undertaken, or is immediately undertaking, all necessary steps to cease-and-desist from all further sales of the Hand Bag;

2.     provide to me in writing your prompt, firm and unequivocal assurance that your company has undertaken, or is immediately undertaking, all necessary steps to cease-and-desist from all further activities in connection with the manufacturing, marketing, purchases, and/or sales of the Hand Bag;

3.     provide to me an accurate and verifiable accounting showing:

   a.  the number of units of the Hand Bag sold by your company;
   b.  the sale price of each unit;
   c.  your company's profit per unit;
   d.  the number of unsold, undelivered or partially completed units remained in the possession of your company and its agents; and
   e.  the number of units in transit to your company, so that I may fairly consider such data in assessing the extent of the damages suffered by my clients; and

4. provide to me the identities of manufacturers, trading partners and agents who have been involved in the fabrication and/or manufacture of units of the Hand Bag acquired by your company, together with the number of units acquired and the acquisition price of those units.

I must receive your assurances by July 30, 2014. If you fail to so advise me of your company's intentions by that date, my clients may, without further notice to you, take such action as it deems advisable to assert its legal and equitable rights to protect its interests.

Sincerely,

Aaron P. Peacock

Encls.

Wild Eye Designs Inc.
July 16, 2014

Exhibit A

ATTORNEY DOCKET NO.
13-015

DESIGN PATENT APPLICATION

WINE TOTE

INVENTOR

Thai

United States citizen

Page 1 of 4

ATTORNEY DOCKET NO.
13-01**5**

DESIGN PATENT APPLICATION

## DESCRIPTION OF THE DRAWINGS

[001]   FIGURE 1 is a perspective view of a wine tote in a closed position, depicting an embodiment of a new design;

[002]   FIGURE 2 is a perspective view of the wine tote in an open position;

[003]   FIGURE 3 is a front view of the wine tote;

[004]   FIGURE 4 is a rear view of the wine tote;

[005]   FIGURE 5 is a right side view of the wine tote;

[006]   FIGURE 6 is a left side view of the wine tote;

[007]   FIGURE 7 is a top view of the wine tote in a closed position;

[008]   FIGURE 8 is a top view of the wine tote in an open position;

[009]   FIGURE 9 is a bottom view of the wine tote;

[0010]  FIGURE 10 is a perspective view of the wine tote depicting the wine tote in use wherein an unclaimed wine bottle and an unclaimed corkscrew are partially positioned therein;

[0011]  FIGURE 11 is a perspective view of a wine tote in a closed position, illustrating another embodiment of the invention wherein the surface area of the wine tote, excluding the handle portions, depicts a diamond pattern thereon;

[0012]  FIGURE 12 is a perspective view of a wine tote in a closed position, illustrating yet another embodiment of the invention wherein the surface area of the wine tote, excluding the handle portions, depicts an alligator pattern thereon;

[0013]  The broken lines in the drawings are for illustrative purposes only and form no part of the claimed design.

Page 2 of 4

ATTORNEY DOCKET NO.
13-015

DESIGN PATENT APPLICATION

## DETAILED DESCRIPTION

[0014]  Applicant has invented a new design for carrying wine and wine accessories such as a corkscrew as set forth in the following specification.

Page 3 of 4

ATTORNEY DOCKET NO.
13-015

DESIGN PATENT APPLICATION

## CLAIM

What is claimed is:

The ornamental design for a wine tote, as shown and described.

Page 4 of 4

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 21 of 84 PageID #:  359
Case 2:15-cv-01165   Document 1-1   Filed 06/24/15   Page 9 of 21 PageID #:  19
SHEET   1/11



FIG. 1

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 22 of 84 PageID #:  360
Case 2:15-cv-01165   Document 1-1   Filed 06/24/15   Page 10 of 21 PageID #:  20
SHEET    2/11



FIG. 2

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 23 of 84 PageID #:  361
Case 2:15-cv-01165   Document 1-1   Filed 06/24/15   Page 11 of 21 PageID #:  21
SHEET   3/11



FIG. 3

SHEET   4/11



FIG. 4

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 25 of 84 PageID #:  363
Case 2:15-cv-01165   Document 1-1   Filed 06/24/15   Page 13 of 21 PageID #:  23
SHEET   5/11



FIG. 6

FIG. 5

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 26 of 84 PageID #:  364
Case 2:15-cv-01165   Document 1-1   Filed 06/24/15   Page 14 of 21 PageID #:  24
SHEET    6/11



FIG. 7

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 27 of 84 PageID #:  365
Case 2:15-cv-01165   Document 1-1   Filed 06/24/15   Page 15 of 21 PageID #:  25
SHEET    7/11



FIG. 8

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 28 of 84 PageID #:  366
Case 2:15-cv-01165   Document 1-1   Filed 06/24/15   Page 16 of 21 PageID #:  26
SHEET     8/11



FIG. 9

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 29 of 84 PageID #: 367
Case 2:15-cv-01165   Document 1-1   Filed 06/24/15   Page 17 of 21 PageID #: 27
SHEET    9/11



FIG. 10

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 30 of 84 PageID #:  368
Case 2:15-cv-01165   Document 1-1   Filed 06/24/15   Page 18 of 21 PageID #:  28
SHEET   10/11



FIG. 11

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 31 of 84 PageID #:  369
Case 2:15-cv-01165   Document 1-1   Filed 06/24/15   Page 19 of 21 PageID #:  29
SHEET   11/11



FIG. 12

Exhibit B

# GAGNON, PEACOCK
# & VEREEKE P.C.

*Attorneys and Counselors at Law*

D.G. Gagnon
J.B. Peacock, Jr.
David M. Vereeke*
Aaron P. Peacock+
Michael P. Moore
Laura L. Pickens

\* Board Certified-Personal Injury Trial Law
   Board Certified-Civil Trial Law
   Texas Board of Legal Specialization
\* Admitted in the US Patent & Trademark Office

Highland Park Tower, Second Floor
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone: (214) 824-1414
Telecopier: (214) 824-5490
www.GapsLegal.com

Aaron P. Peacock
Aaron@GapsLaw.com

August 6, 2014

VIA FIRST CLASS MAIL, FACSIMILE (800) 428-0520
and E-MAIL info@wildeyedesigns.com

Wild Eye Designs Inc.
1500 Military Road, Suite 100
Kenmore, NY 14217

**EXHIBIT**

**1B**

Re:   Infringement of Intellectual Property; Attorney Docket No. 14-050

To Whom It May Concern:

I represents Primeware, Inc., (hereinafter "Primeware") and Mr. Thai in intellectual property matters. Primeware designs, manufactures and markets unique, functional, innovative and high quality products for use at picnics and other similar events.

On April 4, 2013, inventor Mr. Thai, an owner and manager of Primeware, filed a design patent application entitled WINE TOTE in the United States Patent & Trademark Office (USPTO), which was provided Application Serial No. 29/451,610. *See* Exhibit A attached hereto which is a copy of the design patent application. It is expected to issue as a patent grant very shortly.

Furthermore, Primeware possesses legal rights in the unique trade dress of the Wine Tote (hereinafter "the product"). The look and feel as well as the shape and configuration of the product have become associated in the minds of consumers with Primeware. Not only are many elements of the product's trade dress inherently distinctive, many elements of the product's trade dress have acquired distinctiveness through Primeware's substantial and continuous use and display of the product in U.S. commerce. As such, consumers associate Primeware with the source of the product.

My attention has been directed to Wild Eye Designs, Inc., (hereinafter "your company") and its manufacturing, marketing and/or selling of a device entitled "Freezer Hand Bag"

(hereinafter "Hand Bag"). *See* Exhibit B attached hereto which is a depiction of the Hand Bag sold by your company. The Hand Bag embodies a design of the invention claimed in the '610 patent application, thereby infringing on the rights of my clients in the fort-coming patent grant. Furthermore, the marketing and selling of the Hand Bag infringes on the trade dress rights of my clients.

I hereby provide you and your company formal notice that manufacturing, marketing and/or selling of the Hand Bag product or any other product that is substantially similar ('your actions") is an infringement of my clients' intellectual property rights. First, your actions are an infringement of my clients' rights in the forth-coming patent under 35 U.S.C. § 271. 35 U.S.C. §§ 284 and 289 permit my clients to recover their lost profits and/or reasonable royalties. Furthermore, if your actions are shown to be willful, 35 U.S.C. §§ 284 and 285 permit my clients to obtain enhanced damages (i.e., treble damages) from you as well as to recover their attorneys' fees from you. Second, your actions are an infringement of my client's trade dress rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Section 35(a) of the Lanham Act, 15 U.S.C. § 1117, permits my client to recover their damages from your actions as well as your company's profits derived from the sale of the infringing item. Additionally, the Lanham Act provides for enhanced damages (i.e., treble damages) from you and the recovery of attorneys' fees from you.

Notwithstanding the foregoing, my clients wish to avoid the trouble and expense of litigation, if it is possible to do so.

Accordingly, I demand that you:

1.   provide to me in writing your prompt, firm and unequivocal assurance that your company has undertaken, or is immediately undertaking, all necessary steps to cease-and-desist from all further sales of the Hand Bag;

2.   provide to me in writing your prompt, firm and unequivocal assurance that your company has undertaken, or is immediately undertaking, all necessary steps to cease-and-desist from all further activities in connection with the manufacturing, marketing, purchases, and/or sales of the Hand Bag;

3.   provide to me an accurate and verifiable accounting showing:

   a.   the number of units of the Hand Bag sold by your company;
   b.   the sale price of each unit;
   c.   your company's profit per unit;
   d.   the number of unsold, undelivered or partially completed units remained in the possession of your company and its agents; and
   e.   the number of units in transit to your company, so that I may fairly consider such data in assessing the extent of the damages suffered by my clients; and

Wild Eye Designs Inc.                                                                 Page 2 of 3
August 6, 2014

4.      provide to me the identities of manufacturers, trading partners and agents who have been involved in the fabrication and/or manufacture of units of the Hand Bag acquired by your company, together with the number of units acquired and the acquisition price of those units.

I must receive your assurances by August 20, 2014. If you fail to so advise me of your company's intentions by that date, my clients may, without further notice to you, take such action as it deems advisable to assert its legal and equitable rights to protect its interests.

Sincerely,

Aaron P. Peacock

Encls.

Wild Eye Designs Inc.
August 6, 2014

Exhibit A

ATTORNEY DOCKET NO.
13-015

DESIGN PATENT APPLICATION

WINE TOTE

INVENTOR

Thai

United States citizen

Page 1 of 4

ATTORNEY DOCKET NO.
13-015

DESIGN PATENT APPLICATION

## DESCRIPTION OF THE DRAWINGS

[001]   FIGURE 1 is a perspective view of a wine tote in a closed position, depicting an embodiment of a new design;

[002]   FIGURE 2 is a perspective view of the wine tote in an open position;

[003]   FIGURE 3 is a front view of the wine tote;

[004]   FIGURE 4 is a rear view of the wine tote;

[005]   FIGURE 5 is a right side view of the wine tote;

[006]   FIGURE 6 is a left side view of the wine tote;

[007]   FIGURE 7 is a top view of the wine tote in a closed position;

[008]   FIGURE 8 is a top view of the wine tote in an open position;

[009]   FIGURE 9 is a bottom view of the wine tote;

[0010]   FIGURE 10 is a perspective view of the wine tote depicting the wine tote in use wherein an unclaimed wine bottle and an unclaimed corkscrew are partially positioned therein;

[0011]   FIGURE 11 is a perspective view of a wine tote in a closed position, illustrating another embodiment of the invention wherein the surface area of the wine tote, excluding the handle portions, depicts a diamond pattern thereon;

[0012]   FIGURE 12 is a perspective view of a wine tote in a closed position, illustrating yet another embodiment of the invention wherein the surface area of the wine tote, excluding the handle portions, depicts an alligator pattern thereon;

[0013]   The broken lines in the drawings are for illustrative purposes only and form no part of the claimed design.

ATTORNEY DOCKET NO.
13-015

DESIGN PATENT APPLICATION

## DETAILED DESCRIPTION

[0014] Applicant has invented a new design for carrying wine and wine accessories such as a corkscrew as set forth in the following specification.

ATTORNEY DOCKET NO.
13-015

DESIGN PATENT APPLICATION

## CLAIM

What is claimed is:

The ornamental design for a wine tote, as shown and described.

Page 4 of 4

SHEET   1/11



FIG. 1



FIG. 2

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 44 of 84 PageID #:  382
Case 2:15-cv-01165   Document 1-2   Filed 06/24/15   Page 11 of 21 PageID #:  42
SHEET   3/11



FIG. 3



FIG. 4

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 46 of 84 PageID #:  384
Case 2:15-cv-01165   Document 1-2   Filed 06/24/15   Page 13 of 21 PageID #:  44
SHEET   5/11



FIG. 6

FIG. 5

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 47 of 84 PageID #:  385
Case 2:15-cv-01165   Document 1-2   Filed 06/24/15   Page 14 of 21 PageID #:  45
SHEET     6/11



FIG. 7

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 48 of 84 PageID #:  386
Case 2:15-cv-01165   Document 1-2   Filed 06/24/15   Page 15 of 21 PageID #:  46
SHEET    7/11



FIG. 8

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 49 of 84 PageID #:  387
Case 2:15-cv-01165   Document 1-2   Filed 06/24/15   Page 16 of 21 PageID #:  47
SHEET   8/11



FIG. 9

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 50 of 84 PageID #:  388
Case 2:15-cv-01165   Document 1-2   Filed 06/24/15   Page 17 of 21 PageID #:  48
SHEET   9/11



FIG. 10

Case 2:15-cv-01165-JRG   Document 10-4   Filed 09/14/15   Page 51 of 84 PageID #:  389
Case 2:15-cv-01165   Document 1-2   Filed 06/24/15   Page 18 of 21 PageID #:  49
SHEET    10/11



FIG. 11

Case 2:15-cv-01165   Document 1-2   Filed 06/24/15   Page 19 of 21 PageID #:  50
SHEET   11/11



FIG. 12

Exhibit B



US00D724836S

(12) **United States Design Patent**
Thai

(10) Patent No.: **US D724,836 S**
(45) Date of Patent: ** Mar. 24, 2015

(54) **WINE TOTE**

(71) Applicant: **Tony Thai**, Huntington Beach, CA (US)

(72) Inventor: **Tony Thai**, Huntington Beach, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/451,610**

(22) Filed: **Apr. 4, 2013**

(51) **LOC (10) Cl.** .......................................... **03-01**
(52) **U.S. Cl.**
USPC ........................................... **D3/232**
(58) **Field of Classification Search**
CPC .................................. A45C 1/024; A45C 3/06
USPC .................. D3/232–233, 240–243, 245–246
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D559,537 S | * | 1/2008 | Gonzalez et al. | D3/232 |
| D564,223 S | * | 3/2008 | Messineo | D3/243 |
| D660,586 S | * | 5/2012 | Maramotti | D3/232 |
| D666,809 S | * | 9/2012 | Hermann | D3/232 |

* cited by examiner

*Primary Examiner* — Holly Baynham
(74) *Attorney, Agent, or Firm* — Gagnon, Peacock & Vereeke P.C.; Aaron P. Peacock

(57) **CLAIM**
The ornamental design for a wine tote, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a wine tote in a closed position, depicting an embodiment of a new design;
FIG. 2 is a perspective view of the wine tote in an open position;
FIG. 3 is a front view of the wine tote;
FIG. 4 is a rear view of the wine tote;
FIG. 5 is a right side view of the wine tote;
FIG. 6 is a left side view of the wine tote;
FIG. 7 is a top view of the wine tote in a closed position;
FIG. 8 is a top view of the wine tote in an open position;
FIG. 9 is a bottom view of the wine tote;
FIG. 10 is a perspective view of the wine tote depicting the wine tote in use wherein an unclaimed wine bottle and an unclaimed corkscrew are partially positioned therein;
FIG. 11 is a perspective view of the wine tote in a closed position showing a second embodiment of the tote shown in FIG. 1 with the only difference being the appearance of the diamond pattern on the tote;
FIG. 12 is a perspective view of the wine tote in a closed position showing a third embodiment of the tote shown in FIG. 1 with the only difference being the appearance of the alligator pattern on the tote.
The broken lines showing a wine bottle and corkscrew are for the purposes of illustrating environment and form no part of the claimed design.

**1 Claim, 11 Drawing Sheets**




EXHIBIT
2

U.S. Patent          Mar. 24, 2015          Sheet 1 of 11          US D724,836 S



FIG. 1

**U.S. Patent**     **Mar. 24, 2015**     **Sheet 2 of 11**     **US D724,836 S**



FIG. 2

U.S. Patent          Mar. 24, 2015      Sheet 3 of 11          US D724,836 S



FIG. 3

U.S. Patent          Mar. 24, 2015          Sheet 4 of 11          US D724,836 S



FIG. 4

U.S. Patent          Mar. 24, 2015          Sheet 5 of 11          US D724,836 S



FIG. 6

FIG. 5

Case 2:15-cv-01165-JRG Document 10-4 Filed 09/14/15 Page 61 of 84 PageID #: 399
Case 2:15-cv-01165 Document 1-3 Filed 06/24/15 Page 7 of 12 PageID #: 59



FIG. 7

U.S. Patent          Mar. 24, 2015          Sheet 7 of 11          US D724,836 S



FIG. 8

U.S. Patent          Mar. 24, 2015          Sheet 8 of 11          US D724,836 S



FIG. 9

Case 2:15-cv-01165   Document 1-3   Filed 06/24/15   Page 10 of 12 PageID #:  62

U.S. Patent          Mar. 24, 2015     Sheet 9 of 11          US D724,836 S



FIG. 10

U.S. Patent        Mar. 24, 2015        Sheet 10 of 11        US D724,836 S



FIG. 11

U.S. Patent          Mar. 24, 2015      Sheet 11 of 11          US D724,836 S



FIG. 12



Case 2:15-cv-01165   Document 1-4   Filed 06/24/15   Page 2 of 10 PageID #.  66











AO 440 (Rev 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

2015 JUL 16  PH 2: 00

TX EAST  MARSH.

| | |
|---|---|
| TONY THAI | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No  2:15-CV-01165 |
| WILD EYE DESIGNS INC. | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To. *(Defendant's name and address)*

Warren Horwitz
c/o Wild Eye Designs Inc.
5380 N. Ocean Drive
Singer Island, Florida 33404

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are.  

Aaron P. Peacock
Gagnon, Peacock & Vereeke, PLLC
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:  **6/30/15**

CLERK OF COURT

*David Malone*

*Signature of Clerk or Deputy Clerk*

EXHIBIT
2

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  2:15-CV-01165

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Warren Horwitz

was received by me on *(date)*        06/30/2015            .

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

_____ , and mailed a copy to the individual's last known address; or
on *(date)* _____

☑ I served the summons on *(name of individual)*   Warren Horwitz                                         , who is

designated by law to accept service of process on behalf of *(name of organization)*   Wild Eye Designs Inc.

via certified mail (see attached) _____ on *(date)* _____ 07/06/2015 _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00

I declare under penalty of perjury that this information is true.

Date:   _____ 07/13/2015 _____                         _____
                                                                              *Server's signature*

                                                                      Teresa Espinoza, Paralegal
                                                                        *Printed name and title*

                                                                Gagnon, Peacock & Vereeke, PLLC
                                                                4245 N. Central Expressway, Suite 250
                                                                      Dallas, Texas 75205
                                                                        *Server's address*

Additional information regarding attempted service, etc:

# GAGNON, PEACOCK
## & VEREEKE, PLLC

*Attorneys and Counselors at Law*

D.G. Gagnon
J.B. Peacock, Jr.
David M. Vereeke*
Aaron P. Peacock†
Colin P. Benton

   * Board Certified-Personal Injury Trial Law
     Board Certified-Civil Trial Law
     Texas Board of Legal Specialization
   † Admitted in the US Patent & Trademark Office

Highland Park Tower, Second Floor
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone: (214) 824-1414
Telecopier: (214) 824-5490
www.GapsLegal.com

Teresa Espinoza
NALA Certified Paralegal
teresa@gapslaw.com

July 2, 2015

**VIA CMRRR 7011 2000 0002 6160 8113**
Warren Horwitz
c/o Wild Eye Designs Inc.
5380 N. Ocean Drive
Singer Island, Florida 33404

      RE:    Case No. 2:15-cv-1165; *Tony Thai v. Wild Eye Designs Inc.*; in the U.S. District
              Court for the Eastern District of Texas, Marshall Division.

Dear Mr. Horwitz:

      Enclosed please find the following:

          1. Summons in a Civil Action
          2. Plaintiff's Original Complaint
          3. Civil Cover Sheet
          4. Certificate of Interested Persons

      Thank you for your attention to this matter.

                                    Yours truly,

                                      Teresa Espinoza, C.P.
                                      Certified Paralegal

Enc.

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7011 2000 0002 6160 8112

Sent To *Horwitz*
Street, Apt. No.; or PO Box No. *5380 N. Ocean Dr.*
City, State, ZIP+4 *Singer Island, Fl 33404*

PS Form 3800, August 2006                    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Warren Horwitz*
*C/o Wild Eye Designs Inc.*
*5380 N. Ocean Dr.*
*Singer Island, FL 33404*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
*7-6-15*

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)      7011 2000 0002 6160 8112

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

|  |  |  |
|---|---|---|
| TONY THAI | ) ) ) | |
| *Plaintiff(s)* | ) ) ) | |
| v. | ) | Civil Action No.  2:15-CV-01165 |
| WILD EYE DESIGNS INC. | ) ) ) | |
| *Defendant(s)* | ) ) ) ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Warren Horwitz
c/o Wild Eye Designs Inc.
5380 N. Ocean Drive, Suite 3J
Eastpoint II
Singer Island, Florida 33404

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Aaron P. Peacock
Gagnon, Peacock & Vereeke, PLLC
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   **8/13/15**

David N'Malano

*Signature of Clerk or Deputy Clerk*

EXHIBIT

3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Warren Horwitz
C/o Wild Eye Design
5380 Ocean Dr, Ste. 3J
Eastpoint II
Singer Island, FL
33404

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To   Horwitz / Thal CASE
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006   See Reverse for Instructions

7011 2000 0002 6160 8226

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  2:15-CV-01165

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  Warren Horwitz

was received by me on *(date)*  August 14, 2015 .

☐ I personally served the summons on the individual at *(place)*
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*  Warren Horwitz _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*  Wild Eye Design, Inc.
Via CMRR 70112000002746688244 on *(date)* August 17, 2015 or
_____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.


Date: August 27, 2015 _____                     _____
                                                          Server's signature

                            Cecilia Banda, Legal Assistant
                                                          Printed name and title

                            Gagnon, Peacock & Vereeke, P.C.
                            4245 N. Central Expy, Ste 250, Dallas, Tx
                                                          Server's address          75205


Additional information regarding attempted service, etc:

# GAGNON, PEACOCK & VEREEKE, PLLC

*Attorneys and Counselors at Law*

D.G. Gagnon
J.B. Peacock, Jr.
David M. Vereeke*
Aaron P. Peacock+
Colin P. Benton

\* Board Certified-Personal Injury Trial Law
Board Certified-Civil Trial Law
Texas Board of Legal Specialization
+ Admitted in the US Patent & Trademark Office

Highland Park Tower, Second Floor
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone: (214) 824-1414
Telecopier: (214) 824-5490
www.GapsLegal.com

Cecilia Espinoza, Legal Assistant
Cecilia@GapsLaw.com

August 14, 2015

**VIA CMRR 7011 2000 0002 6160 8266**
Warren Horwitz
c/o Wild Eye Designs Inc.
5380 N. Ocean Drive, Suite 3J
Eastpoint II
Singer Island, Florida 33404

RE:   Case No. 2:15-cv-1165; *Tony Thai v. Wild Eye Designs Inc.*; in the U.S. District
Court for the Eastern District of Texas, Marshall Division.

Dear Mr. Horwitz:

Enclosed please find the following:

1. Summons in a Civil Action
2. Plaintiff's Original Complaint
3. Civil Cover Sheet
4. Certificate of Interested Persons

Thank you for your attention to this matter.

Yours truly,

Cecilia Espinoza
Legal Assistant

Enc.